# UNITED STATES DISTRICT COURT
## SOUTHERN DISTICT OF OHIO
### WESTERN DIVISION

OHM SYSTEMS, INC.,                           Case No.  1:19-cv-0907

        Plaintiff,                      Litkovitz, J.

        vs.

PARK PLACE CORP., et. al.                 **ORDER**

        Defendants.

## I.  Introduction

Plaintiff OHM Systems Inc. (OHM), which has its principal place of business in Ohio, originally filed this action in the Hamilton County, Ohio Court of Common Pleas against defendants Park Place Corp. (Park Place) and Walt Tollison, Receiver on behalf of Park Place (Receiver).  (Doc. 1).  Defendants, who are South Carolina citizens, removed the action to this federal Court based on its diversity jurisdiction.  *See* 28 U.S.C. §§ 1332(a)(1) and (c)(1).  The complaint alleges that plaintiff OHM and Park Place entered into a contract for the provision of software and related services to OHM, and they agreed that Ohio courts would have jurisdiction over any disputes arising out of the contract.  (Doc. 2, ¶¶ 2, 3).  OHM alleges that Park Place defaulted on its contractual obligations and owes OHM the amount of $386,221.00 under the contract.  (*Id.*, ¶ 4).  Plaintiff alleges that Park Place is required to return the "Program Product" which OHM provided to it and any copies of the product, and Park Place must cease use of the Program Product.  (*Id.*, ¶ 6).

Plaintiff further alleges that Tollison is the appointed Receiver for Park Place pursuant to a South Carolina state court Order, and the Receiver "succeeds to the obligations of Defendant Park Place Corporation to the extent of the assets subject to his jurisdiction."  (*Id.*, ¶ 5).  Plaintiff

claims that the Receiver is bound by the jurisdiction and venue provisions of the contract between OHM and Park Place.  (*Id*.).

OHM seeks as relief from "Defendant" damages payable under the contract and an injunction ordering "Defendant" to return, and cease its use of, the "Program Product" acquired from plaintiff.  (*Id*.).

Defendants move to dismiss the Receiver from the action under Fed. R. Civ. P. 12(b)(6) for failure to state a claim for relief or, in the alternative, for a more definite statement of the claims against the Receiver under Fed. R. Civ. P. 12(e).  (Doc. 5).  This matter is before the Court on defendants' motion (Doc. 5), plaintiff's opposing memorandum (Doc. 11), and defendants' reply memorandum (Doc. 12). [1]

## II.  Defendants' motion

Defendants move to dismiss the complaint against the Receiver on the ground plaintiff's claim against the Receiver is ambiguous and conclusory, and plaintiff has not sufficiently identified the basis of its claim against the Receiver.  (Doc. 5).  Defendants contend that the Receiver's rights and responsibilities in this matter are governed by the Order appointing him as the Receiver for Park Place, which was issued in Case #2016-CP-23-04654 by the 13th Judicial Circuit Common Pleas Court, Greenville, South Carolina.  (Doc. 5 at 1; Exh. A- "Appointment of Receiver").  Defendants allege the Order was intended to "eliminate the [R]eceiver's exposure to lawsuits" and expenditures of Park Place's funds to defend the Receiver.  (*Id*. at 4).  Defendants further contend that the Receiver has a duty under the Order to "mitigate unnecessary and duplicative expenses" incurred by Park Place.  (*Id*.).  Defendants argue that by filing this suit against the Receiver, plaintiff has violated terms of the Order which (1) impose on the Receiver

---

[1] Defendant Park Place filed a separate motion for more definite statement (Doc. 6), which it has since withdrawn (Doc. 14).

the duty to "preserve the cash and liquid assets of PPC (Park Place) to the maximum extent legally possible," and (2) prohibit any "person or entity [from] fil[ing] suit against the Receiver . . . for actions taken in compliance with th[e] Order." (*Id.*, Exh. A at 23, Order- § V(2); *Id.* at 33, Order- § VI). Defendants contend that the Court should dismiss plaintiff's claims with prejudice based on the Order.

In the alternative, defendants argue that plaintiff should be required to provide a more definite statement of its claims against the Receiver. (Doc. 5 at 5-6). Defendants allege that plaintiff relies on the Order as the sole basis for its claims against the Receiver, but the Order prohibits plaintiff from bringing this suit against the Receiver. Defendants contend that plaintiff has not alleged any facts or law to show either why "the Order was issued in violation of South Carolina law" or how "the conduct of Receiver [] violates his duties under the Order." (*Id.* at 5). Defendants argue that the complaint therefore does not provide proper notice of the claims against the Receiver, and the Receiver cannot be expected to formulate a response to the complaint. (*Id.*).

In response, plaintiff alleges that it properly named the Receiver as a party to the lawsuit in accordance with Ohio law, which purportedly governs its claims. (Doc. 11). Plaintiff argues that the contract between Park Place and OHM provides that any controversies between "the parties" will be determined in accordance with Ohio law, and Ohio law provides that a receiver is substituted for the original entity for all legal and equitable purposes. (*Id.* at 1-2, citing Ohio Rev. Code § 2735.01).[2] Plaintiff also contends that the Receiver must be joined in this lawsuit

---

[2] Plaintiff notes that the statute provides in pertinent part: "A receiver appointed under division (A)(6) of this section may be appointed to manage all the affairs of the corporation . . . or other entity with respect to which the appointment of a receiver is sought." Ohio Rev. Code § 2735.01(C)). Section (A)(6) provides that a receiver may be appointed by an Ohio court in causes pending in the court "[w]hen a corporation . . . or other entity has been dissolved, is insolvent, is in imminent danger of insolvency, or has forfeited its corporate . . . or other entity's rights.]"

3

as a necessary party under Fed. R. Civ. P. 19 because he is in possession of Park Place's assets, and any judgment in favor of plaintiff will be meaningless if the Receiver is not subject to the judgment.  (*Id*. at 2).  Plaintiff argues that the South Carolina[3] Order that appointed Tollison as the Receiver, and which "appears to insulate the receiver from being brought into an action such as this," is of no effect in this Court.  (*Id*. at 3).  Plaintiff alleges that it is not a party to the  South Carolina case and was never served with any pleadings in that case; Ohio law applies here by virtue of the contract between OHM and Park Place; and the Order appointing Tollison as the Receiver and setting forth his rights and responsibilities is not binding on this Court and cannot "circumvent Ohio law or the Federal Rules."  (*Id*. at 3).  Plaintiff also notes that it has named the Receiver in the complaint in only his official capacity (although plaintiff does not explain the significance of this allegation).  (*Id*.).  Plaintiff argues that it has given sufficient notice of its claims by alleging that Park Place and OHM are parties to the written contract attached to the complaint, and Park Place has not paid monies that it was required to pay OHM under the contract.  (*Id*.).

In reply, defendants contend that plaintiff OHM has not provided any factual or legal basis for its allegation that Ohio law applies to the appointment or conduct of the Receiver, who was appointed under the jurisdiction of the South Carolina court.  (Doc. 12 at 2).  Further, defendants argue that plaintiff mistakenly suggests that the Receiver is, in essence, a substitute for the original entity.  (*Id*.).  Defendants allege that to the contrary, Receiver Tollison's duty is to "the appointing court and through that court to all creditors[,] not just Plaintiff OHM."  (*Id*. at 2, citing *Shapemasters Golf Course Builders Inc. v. Shapemasters Inc.*, 602 SE 2d 83, 87 (SC App. 2004)).  Defendants contend that as a receiver, Tollison is an officer of the court and he

---

[3] Plaintiff mistakenly refers to "North" Carolina instead of "South" Carolina.

holds the property of Park Place in the possession of the court. (*Id*. at 3, citing *United States v. McPherson*, 631 F. Supp. 269 (M.D. N.C. 1986)). Defendants liken OHM's status to that of an unsecured creditor of Park Place who is attempting to jump ahead of other creditors by "claiming a share of the eventual liquidated assets of Park Place." (*Id*. at 4). Defendants argue that by doing so, plaintiff is violating the South Carolina court's Order, which enjoins "all persons who receive notice of th[e] Order . . . from interfering with the powers and duties of the Receiver," and plaintiff is seeking to "derail the orderly disposition of the assets of Park Place" which the Receiver, as an officer of the court, has been authorized to take immediate possession of and to exercise full control over. (*Id*.).

## III. The South Carolina court's Order

The Order appointing Tollison as Receiver for Park Place was entered in a lawsuit brought in a South Carolina state court by one of the three sole shareholders of Park Place, a closely-held corporation, against the two other shareholders and the corporation. *See James B. Orders, III v. David K. Orders, John H. Orders, and Park Place Corporation*, C.A. No. 2016-CP-23-04654 (Ct. C.P. 13th Judicial Circuit).[4] On April 17, 2019, the state court ordered that the corporation be judicially dissolved under S.C. Code § 33-14-300, and the court appointed Tollison as the Receiver for Park Place under S.C. Code § 33-14-320(a). (Doc. 5, Exh. A at 29, § V, "Appointment of Receiver"). Section 33-14-320 allows "[a] court in a judicial proceeding brought to dissolve a corporation [to] appoint receivers to wind up and liquidate . . . the business and affairs of the corporation." Under the terms of the Order, the Receiver was appointed to "take immediate possession of [Park Place]'s assets and to exercise full control" over those

---

[4] This Court can take judicial notice of developments in related "'proceedings in other courts of record.'" *Walburn v. Lockheed Martin Corp.*, 431 F.3d 966, 972 n. 5 (6th Cir. 2005) (quoting *Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir. 1980); Fed. R. Evid. 201)).

assets. (Doc. 5, Exh. A at 31, § VI). To fulfill his functions, the Order gave the Receiver "all powers generally available to Receivers under the laws of the State of South Carolina, and specifically "[t]he power and authority to take possession of property owned or leased by [Park Place]." (*Id*. at 31-32). Further, the Order gave the Receiver protection against being sued for acting in his capacity as Receiver. The Order provides: "No person or entity shall file suit against the Receiver, Plaintiff, or Plaintiff's counsel for actions taken in compliance with this Order." (Doc. 5 at 33, § VI). The Order also provides that, "The Receiver shall have no personal liability in connection with any liabilities, obligations, liens or amounts owed to any creditors or claimants of [Park Place]." (Doc. 5 at 34, § VI).

**IV. Standard of review**

Defendants move to dismiss the complaint against the Receiver under Fed. R. Civ. P. 12(b)(6) for failure to state a claim for relief against the Receiver. (Doc. 5). However, defendants' motion raises an issue as to whether this Court has subject matter jurisdiction over plaintiff's action against the Receiver in light of plaintiff's failure to seek leave of the South Carolina court to sue the Receiver as required under the *Barton* doctrine. *See Barton v. Barbour*, 104 U.S. 126, 129 (1881). When a requirement for bringing suit goes to subject-matter jurisdiction, the Court is obligated "to consider *sua sponte* the issue that the parties . . . have not presented." *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012) (citing *United States v. Cotton,* 535 U.S. 625, 630 (2002)). "Subject-matter jurisdiction can never be waived or forfeited." *Id*. "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Thus, this Court must initially determine whether it has jurisdiction over plaintiff's cause of action against the Receiver.

Although the Court is raising the issue of subject-matter jurisdiction *sua sponte* in this case, the standard of review is the same standard applicable to a motion to dismiss under Rule 12(b)(1). *Timber View Properties, Inc. v. M&T Prop. Investments Ltd.*, No. 2:15-CV-2855, 2019 WL 4696386, at *4 (S.D. Ohio Sept. 26, 2019). There are generally two types of challenges to the Court's subject-matter jurisdiction: facial attacks and factual attacks. *Rote v. Zel Custom Mfg. LLC*, 816 F.3d 383, 387 (6th Cir. 2016) (citing *O'Bryan v. Holy See,* 556 F.3d 361, 375 (6th Cir. 2009)). A facial attack on the subject-matter jurisdiction alleged in the complaint "questions merely the sufficiency of the pleading." *Id.* (quoting *O'Bryan,* 556 F.3d at 375). To survive a facial attack, the complaint must contain a short and plain statement of the grounds for jurisdiction. *Id.* (quoting Fed. R. Civ. P. 8(a)).

A factual attack on subject matter jurisdiction challenges a complaint's factual predicate. *Glob. Tech., Inc. v. Yubei (XinXiang) Power Steering Sys. Co.*, 807 F.3d 806, 810 (6th Cir. 2015). When examining a factual attack under Rule 12(b)(1), "the court can actually weigh evidence to confirm the existence of the factual predicates for subject-matter jurisdiction." *Id.* (quoting *Carrier Corp. v. Outokumpu Oyj*, 673 F.3d 430, 440 (6th Cir. 2012)).

Defendants' motion to dismiss presents a factual challenge to the Court's subject matter jurisdiction. The motion raises the issue of whether the Court has jurisdiction over OHM's claim against the Receiver, or whether the South Carolina Order bars this Court from hearing that claim. The Court finds that it lacks jurisdiction over plaintiff's claim against the Receiver under the federal common law rule known as the *Barton* doctrine. *See Barton*, 104 U.S. at 129. Therefore, plaintiff's complaint against the Receiver must be dismissed for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(h)(3).

**V. The *Barton* doctrine**

      Tollison was appointed Receiver in the same South Carolina state court action in which Park Place was judicially dissolved.  A court appoints a receiver in such circumstances so that corporate assets will "be held in impartial hands" and the proceeds will "be administered according to the priorities of the claims thereto."  *Shapemasters, Inc.*, 602 S.E.2d at 87.  *See also Liberte Capital Group, LLC v. Capwill*, 462 F.3d 543, 551  (6th Cir. 2006) (citing 13 *Moore's Federal Practice* ¶¶ 66.02-.03 (3d ed. 1999) (the role of the receiver, and the purpose of the district court in appointing a receiver, "is to safeguard the disputed assets, administer the property as suitable, and to assist the district court in achieving a final, equitable distribution of the assets if necessary.")).  The receiver is "an officer of the court" whose "powers are coextensive" with the order appointing him.  *Capwill*, 462 F.3d at 551 (citing 13 *Moore's Federal Practice* ¶¶ 66.02-.03).

      In *Barton*, 104 U.S. at 129, the United States Supreme Court held that as a general rule, a suit cannot be brought against a receiver in another forum for actions taken in his official capacity without first obtaining leave from the court which appointed the receiver.  *Allard v. Weitzman* (*In re DeLorean Motor Co.*), 991 F.2d 1236, 1240, 1241 (6th Cir. 1993).  *See also In re McKenzie*, 716 F.3d 404, 421 (6th Cir. 2013) ("The *Barton* doctrine requires that, apart from a narrow exception . . ., permission must be obtained before bringing suit against the trustee in another forum "for acts done in the trustee's official capacity and within the trustee's authority as an officer of the court.")[5]; *Dietrich v. Simon*, No. CV 16-11071, 2016 WL 6106742, at *2 (E.D. Mich. Sept. 14, 2016), *report and recommendation adopted,* 2016 WL 6083752 (E.D. Mich. Oct.

---

[5] Though originally applied to receivers, the *Barton* doctrine has long been extended to bankruptcy proceedings. *In re Richard Potasky Jeweler, Inc.*, 222 B.R. 816, 822-23 (S.D. Ohio 1998) (citing *DeLorean Motor Co.*, 991 F.2d at 1240).

18, 2016), *aff'd,* 2017 WL 5201919 (6th Cir. May 17, 2017). The *Barton* doctrine applies to actions brought against federally-appointed receivers as well actions brought against receivers appointed by a state court. *See e.g.*, *Republic Bank of Chicago v. Lighthouse Mgt. Group, Inc.*, 829 F. Supp. 2d 766, 772 (D. Minn. 2010). "Although the *Barton* decision is more than 125 years old, federal courts have consistently and explicitly affirmed the doctrine's continuing vitality." *Seaman Paper Co. of Mass. v. Polsky,* 537 F. Supp. 2d 233, 236 (D. Mass. 2007) (collecting cases).

The *Barton* doctrine is "designed to give courts control over satellite litigation commenced in other courts for acts done by a receiver, trustee, or other fiduciary in their official capacities." *In re Holwerda*, 428 B.R. 730, 732 (Bankr. W.D. Mich. 2010) (citing *In re DeLorean Motor Co.,* 991 F.2d at 1240). A primary purpose of the *Barton* doctrine "is to control litigation that might impede the trustee's [or receiver's] work for the bankruptcy [or appointing] court." *Everett Cash Mut. Ins. Co. v. Homann*, No. 3:12 CV 45, 2013 WL 12314513, at *3 (N.D. Ind. Mar. 29, 2013) (the *Barton* doctrine applied to declaratory judgment actions against bankruptcy trustee regarding issues arising out of the trustee's official duties).

Certain exceptions apply to the *Barton* doctrine's leave of court requirement. For instance, a party can sue a receiver without obtaining leave from the appointing court if the receiver has acted *ultra vires. Lighthouse Mgt. Group, Inc.,* 829 F. Supp. 2d at 773 (quoting *Barton,* 104 U.S. at 134). *See also Cox v. Mariposa County*, No. 19-CV-01105, 2020 WL 1689706, at *5 (E.D. Cal. Apr. 7, 2020) (the *Barton* doctrine does not apply to require leave when a receiver acts "in excess of his authority or in an unofficial capacity").

Further, 28 U.S.C. § 959(a) creates a statutory exception that applies to federally-appointed receivers or trustees. Section 959(a) provides that:

> Trustees, receivers or managers of any property, including debtors in possession, may be sued, without leave of the court appointing them, with respect to any of their acts or transactions in carrying on business connected with such property.

28 U.S.C. § 959(a).[6]  Federal courts have held that § 959(a) applies only to receivers appointed by federal courts and does not apply to receivers appointed by state courts.  *See Lighthouse Management*, 829 F. Supp. 2d at 773; *In re Jefferson County, Alabama*, 484 B.R. 427, 458 (Bankr. N.D. Ala. 2012) (the court concluded after interpreting the statute and reviewing federal case law that § 959(a) applies only if the trustee or receiver is appointed by a federal court); *Freeman v. Cty. of Orange*, No. SACV 14-107-JLS, 2014 WL 12668679, *4 (C.D. Cal. 2014) (following *In re Jefferson County* and holding that § 959(a) "has no application to a receiver appointed by a state court"; therefore, the *Barton* doctrine applied to the plaintiff's claims).

"Where a plaintiff neglects to obtain leave from the appointing court, a suit filed against the receiver [or bankruptcy trustee] in another court must be dismissed for lack of subject matter jurisdiction."  *Dietrich,* No. CV 16-11071, 2016 WL 6106742, at *2-3 (the court lacked subject matter jurisdiction to adjudicate the plaintiff's claim where he failed to obtain leave from either the state county circuit court or the bankruptcy court before filing his complaint in district court) (citing *Patco v. Energy Express, LLC v. Lambros*, 353 F. App'x 379, 381 (11th Cir. 2009) ("Where a plaintiff neglects to obtain leave from the appointing court, a suit filed against the receiver in another court must be dismissed for lack of subject matter jurisdiction.")).  *See also Bell v. McLemore and Young PLLC*, No. 3:17-CV-959, 2017 WL 4999627, *2 (M.D. Tenn. Nov.

---

[6] The phrase "carrying on business" as used in § 959(a) has been interpreted narrowly by the courts.  *In re Richard Potasky Jeweler, Inc.*, 222 B.R. at 822-23 (citing *DeLorean,* 991 F.2d at 1240-41); *Rothberg v. Kirschenbaum* (*In re Beck Indus., Inc.*), 725 F.2d 880, 887 (2nd Cir. 1984)).  The exception in § 959(a) does not apply to suits against trustees "for actions taken while administering the estate."  *DeLorean,* 991 F.2d at 1241 (citing *Matter of Campbell*, 13 B.R. 974, 976 (Bankr. D. Idaho 1981)).  "Merely collecting, taking steps to preserve, and/or holding assets, as well as other aspects of administering and liquidating the estate, do not constitute 'carrying on business' as that term has been judicially interpreted."  *Id*. (citing *Matter of Campbell*, 13 B.R. 974, 976).  *See also In re McKenzie,* 476 B.R. 515 (E.D. Tenn. 2012), *aff'd*, 716 F.3d 404 (6th Cir. 2013).

2, 2017), *report and recommendation adopted sub nom. Bell v. McLemore*, 2017 WL 5899270 (M.D. Tenn. Nov. 30, 2017) (the court lacked jurisdiction to hear the plaintiff's claims, which were precluded by the *Barton* doctrine, when the plaintiff did not obtain prior permission from the bankruptcy court to bring the action); *In re McKenzie,* 716 F.3d 404 (the *Barton* doctrine is a common law doctrine "which limits jurisdiction over certain claims to bankruptcy court") (citing *In re DeLorean Motor Co.,* 991 F.2d at 1240) (discussing *Barton,* 104 U.S. at 127); *In re Harris*, 590 F.3d 730, 741-42 (9th Cir. 2009) (without leave of the appointing court, other forums lack subject matter jurisdiction over the suit).

## VI. The Court lacks subject matter jurisdiction over plaintiff's action against the Receiver

The *Barton* doctrine applies to preclude plaintiff from pursuing its claim against the Receiver in this Court. Plaintiff concedes that it brings this action against the Receiver for actions taken in his official capacity. (Doc. 11 at 3). Plaintiff's allegations leave no doubt that it is suing the Receiver only because he is in possession of Park Place's assets and has control over those assets under the authority of the state court Order appointing him as the Receiver for Park Place. This is apparent from the only allegations plaintiff makes against Tollison in the complaint, which are found at ¶ 5:

> Plaintiff incorporates the foregoing paragraphs as if fully rewritten here, and states further that Defendant Walt Tollison, Receiver, is the duly appointed Receiver for Park Place Corporation pursuant to an Order in Case #2016-CP-23-04654 in the 13th Judicial Circuit Common Pleas Court[,] Greenville S[.]C[.], and that by reason thereof the said Receiver succeeds to the obligations of [Park Place] to the extent of the assets subject to his jurisdiction. . . .

(Doc. 2, ¶ 5). These allegations show that plaintiff seeks to recover assets that are under the Receiver's control as relief for damages caused by Park Place's breach of contract. Plaintiff does not seek to recover damages from the Receiver for alleged acts or omissions of the Receiver himself. Plaintiff does not allege that the Receiver acted *ultra vires* or that any other exception

to the *Barton* doctrine applies. Thus, pursuant to the *Barton* doctrine, OHM was required to seek leave from the South Carolina court that appointed the Receiver before plaintiff brought suit against the Receiver in this or any other forum. There is no indication that plaintiff sought and obtained leave from the South Carolina court to bring this action against the Receiver. Plaintiff's suit against the Receiver is therefore precluded by the *Barton* doctrine. The Court lacks subject matter jurisdiction to hear plaintiff's claim against the Receiver.

Because the Court lacks subject matter jurisdiction over plaintiff's claim against the Receiver under the *Barton* doctrine, it is not necessary to address defendants' alternative arguments for dismissal of the Receiver or for a more definite statement against him. Defendants' motion to dismiss plaintiff OHM's claim against the Receiver (Doc. 5) is **GRANTED**.

**IT IS SO ORDERED.**

Date: 5/21/2020

Karen L. Litkovitz
United States Magistrate Judge